[No. 6874.  Decided January 20, 1908.]

## Z. A. LANHAM et al., Respondents, v. WENATCHEE CANAL COMPANY, Appellant.[1]

WATERS — IRRIGATION — REVOCATION OF LICENSE — INJUNCTIONS — TEMPORARY INJUNCTION — CONDITIONS. A preliminary mandatory injunction requiring an irrigation company to deliver water from a certain ditch, pursuant to an agreement for water from its main canal, cannot be sustained on the theory that a parol license to take water from such ditch had been granted temporarily, and that it would be inequitable to allow a revocation of the license without notice; since the license may be revoked without notice, and no such injunction can be granted unless the right is clear and certain.

Appeal from an order of the superior court for Chelan county, Steiner, J., entered May 20, 1907, granting a temporary mandatory injunction requiring an irrigation company to deliver water to the plaintiff under the terms of a water right agreement. Reversed.

*Reeves & Reeves*, for appellant.

RUDKIN, J.—On the 1st day of June, 1904, the defendant corporation entered into a certain water right agreement with the plaintiff Z. A. Lanham whereby the defendant transferred and sold to said Lanham a perpetual right to the use of water from the irrigation system of the defendant company, consisting of main and lateral canals and other works in Chelan county, to the amount of 38-100 of one cubic foot per second, from April 15th to October 31st of each year, commencing with the 1st day of June, 1904, for the purpose of irrigating a certain thirty-eight acre tract of land owned by the plaintiffs and for domestic purposes incident thereto. It appears that about eighteen acres of this land is situated above the level of the appellant's main canal and is not sus-

[1]Reported in 93 Pac. 522.

ceptible of irrigation therefrom by gravity flow. In view. of this fact, doubtless, the water right agreement contained the following provision: "It is understood and agreed that the purchaser is to have the right to raise such part of the amount of water herein conveyed by pump or otherwise as he may so desire, for the purpose of irrigating that part of the above-described land lying above the grade of the main canal of the said company." The present action was instituted on the 15th day of May, 1907, praying for a mandatory injunction requiring the defendant to deliver water to the plaintiffs' land through a certain ditch known as "The Settler's Ditch," pursuant to the terms of said water right agreement. Upon a hearing had the temporary mandatory injunction was granted as prayed, and from that order the present appeal is prosecuted.

From the affidavits filed at the hearing in the court below it satisfactorily appears that the "Settler's Ditch" is owned by a corporation other than the appellant, and that the appellant is only a stockholder therein. This ditch forms no part of the appellant's irrigation system and is not embraced within the contract under which the respondents claim. It appears, however, that the appellant, as a matter of accommodation, permitted the respondents to take water from the Settler's Ditch to irrigate that portion of their land that could not be irrigated by gravity flow from the appellant's main canal, until such time as the respondents might arrange to pump water from the main canal for that purpose. The court below, as appears from its certificate, was of opinion that the respondents were not entitled to the relief sought under the provisions of the contract upon which the action was brought; but that inasmuch as the respondents had been permitted to take water from the Settler's Ditch under a parol license, it would be unjust and inequitable to permit a revocation of that license, without notice, under the circumstances. We are of opinion that the court below was clearly right in its conclu-

sion that the water right agreement did not entitle the respondents to the water claimed by them through the Settler's Ditch, on the showing made at the preliminary hearing, but, however unjust and inequitable it might seem to revoke a parol license granted as a mere matter of accommodation, the appellant was clearly within its rights when it did so, and the court was powerless to prevent it.

If a mandatory injunction may issue at all before final hearing, it is only where the plaintiff's right to the relief is clear and certain. 22 Cyc. 743. In this case the respondents' right to the relief sought was not only not clear and certain, but on the contrary we think the appellant was within its legal rights when it revoked the parol license, if any existed, and refused longer to furnish water where there was neither a legal nor moral obligation requiring it so to do.

The order of the court below is therefore reversed.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and MOUNT, JJ., concur.

ROOT, J., concurs in the result.